# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

JASON L. JACKSON,           )
           )
         **Petitioner,**     )
           )
     **v.**           )    **Case No. 20-1081-MMM**
           )
FRANK LAWRENCE,       )
           )
       **Respondent.**   )

## OPINION AND ORDER

Before the Court is Petitioner Jason L. Jackson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (D. 1[1].) Pursuant to 28 U.S.C. §§ 2243 and 2254, the Court's preliminary review indicates that the Petition could have merit and orders Respondent to show cause, if any it may have, within twenty-one (21) days after service of this Order, why said Writ should not be granted.

## BACKGROUND[2]

On October 17, 2002, Jason Jackson was convicted of attempted first-degree murder and unlawful possession of a weapon by a felon in the Tenth Judicial Circuit Court of Peoria County ("circuit court"). (D. 1 at 1, 15.) He was sentenced to a term of 38 years' imprisonment for attempted murder and a concurrent term of 7 years' imprisonment for unlawful possession of a weapon. The Illinois Third District Appellate Court ("Third District") affirmed Jackson's convictions in July 2004, and the Illinois Supreme Court denied his writ of certiorari on November 24, 2004.

---

[1] Citations to the docket in this case are abbreviated as "D. __ ."
[2] The information in the background section is taken from Petitioner's § 2254 Petition, the attachments thereto, and the Illinois Appellate Court's decision remanding his postconviction petition back to the circuit court for the second time, *People v. Jackson*, 2019 IL App (3d) 170213-U.

On March 28, 2005, Jackson timely filed his first petition for postconviction relief in the circuit court raising various claims of ineffective assistance of counsel as well as a claim of actual innocence based upon newly discovered evidence. *Id.* at 4-5. The circuit court summarily dismissed the petition as frivolous and without merit. *Id.* Jackson appealed, and the Third District reversed the dismissal and remanded the case to the circuit court. (D. 1-1 at 11-14.) The Third District's order stated that Jackson had set forth a cognizable claim of actual innocence and was entitled to an evidentiary hearing on the matter. *Id.* at 14.

On September 24, 2007, Jackson's remanded petition was docketed for review, and the Peoria County Public Defender's Office was appointed to represent him. *Id.* at 16-17. Jackson's petition proceeded through the circuit court to the end of 2007 and into 2008, but then went unattended until early 2012. *Id.* at 17. There was no explanation in Jackson's court file as to why there was an extended period of inactivity. *Id.* The petition continued to go through numerous continuances and Assistant Public Defenders until May 15, 2015, when Jackson's evidentiary hearing on his actual innocence claim was finally held. *Id.*

At his evidentiary hearing, Jackson produced no evidence and asserted he was unable to produce the affiant of a supporting affidavit because of lengthy and unreasonable delays by his attorneys. *Id.* Jackson asked that the court not hold the witness' absence against him. *Id.* Instead, he requested that the court consider the affidavit itself in support of his claim of actual innocence. *Id.* The circuit court denied Jackson's petition, finding that he failed to meet the necessary foundation requirements for admission of the statements within the affidavit if the case were to proceed to trial. *Id.* at 19-21. The court also denied Jackson's petition on the bases of ineffective assistance of trial counsel and appellate counsel. *Id.* at 21-22. On June 23, 2015, the court entered its order denying Jackson postconviction relief. *Id.* at 22.

On July 20, 2015, Jackson filed a petition for reconsideration with the circuit court, which was denied approximately nineteen months later on March 15, 2017. *Id.* at 27.

While his petition for reconsideration was pending before the circuit court, Jackson filed a successive postconviction petition with the same court. *Id.* Jackson's successive petition alleged that another individual, whom he had met in 2015, had witnessed Jackson's co-defendant discharge a weapon on the night Jackson was apprehended by police. *Id.* Jackson attached a notarized affidavit from the witness to his successive petition. *Id.* The circuit court denied the successive postconviction petition in the same order in which it denied Jackson's petition for reconsideration. *Id.*

On March 31, 2017, Jackson filed a second appeal of his initial postconviction petition. He alleged ineffective assistance of postconviction counsel under Illinois Supreme Court Rule 651(c) and requested that the Third District reverse the denial of his successive postconviction petition and remand the petition for an evidentiary hearing. *Id.* at 24. The Third District agreed with Jackson's contention that his postconviction counsel failed to meet the standards outlined in Rule 651(c) and remanded his petition back to the circuit court, once again, on January 22, 2019. *Id.* at 23, 29. The Third District also found that the circuit court erroneously granted Jackson leave to file a successive postconviction petition while his first petition was still pending. *Id.* It vacated the circuit court's orders granting Jackson leave to file a successive postconviction petition and denied the successive petition. *Id.* The Third District also noted that Jackson was not foreclosed from reasserting the actual innocence claim raised in his successive postconviction petition on remand in an amended petition in the circuit court. *Id.* at 30.

On March 13, 2019, the circuit court issued an Order Upon Remand reappointing the public defender to Jackson's cause and instructing counsel to comply with Rule 651(c), which could include amending Jackson's postconviction petition. *Id.* at 31.

On April 5, 2019, to Jackson's chagrin, the circuit court issued a General Order in Peoria County Postconviction Cases, which declared, among other things, that some postconviction cases could be continued for longer periods of time so that other postconviction cases could be targeted for preparation, review, and resolution. *Id.* at 32. The reasoning behind the circuit court's order was that there were many complex postconviction cases on the court's docket and it only had a limited number of available public defenders for each case. *Id.* The Court lacks knowledge of the procedural posture of Jackson's petition since April 2019, as Jackson omitted such information from his § 2254 petition.

## PROCEDURAL HISTORY

On March 2, 2020, Jackson filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 with this Court raising four grounds for relief. (D. 1 at 5-21.) Those grounds for relief include: (i) a 14th Amendment claim for violation of his procedural due process rights; (ii) a 14th Amendment claim for insufficient evidence to sustain his criminal conviction; (iii) claims for ineffective assistance of appellate counsel; and (iv) a claim for ineffective assistance of trial counsel. *Id.* Jackson's petition is now before the Court for preliminary review under Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. This Order follows.

## LEGAL STANDARD

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999); 28 U.S.C. § 2254(b)(1)(A). "Exhaustion occurs when the petitioner has fairly presented his claim to the state

courts by arguing both the federal legal principles and the salient and operative facts of the claim, thereby giving the state courts a 'meaningful opportunity to pass upon the substance of the claims later presented in federal court.' " *Johnson v. Bryant*, No. 06 C 3608, 2007 WL 1521524, at *2 (N.D. Ill. May 21, 2007) (quoting *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001)). "Exhausting all state remedies includes presenting each claim on appeal to the Illinois appellate court and in a petition to the Illinois Supreme Court for discretionary review." *Johnson*, 2007 WL 1521524, at *2 (citing *O'Sullivan*, 526 U.S. at 845).

However, the same statutory provision that mandates the exhaustion requirement also establishes two exceptions: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). A sufficiently undue or inordinate delay in the state proceedings may also make the available state remedies ineffective. *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993). There is no bright line rule as to what constitutes undue or inordinate delay, and a case-sensitive assessment is required, including, at times, a hearing to explore any unexplained delays. *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992). If a petitioner has not exhausted his available state remedies, the district court typically dismisses the petition without prejudice so that the petitioner may return to state court to litigate his claim. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). The rule against successive petitions does not bar a petitioner from refiling once he exhausts his available state remedies. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998).

## DISCUSSION

In the Petition at hand, Jackson concedes that he failed to raise his first constitutional claim in state court. (D. 1 at 5.) He also acknowledges that his second, third, and fourth claims are

currently pending in a postconviction petition with the circuit court. *Id.* at 11. Jackson argues that the circuit court's procedural snarls and obstacles have caused an inordinate delay and rendered the state's postconviction proceedings ineffective. *Id.* at 7, 16-17. While acknowledging he has failed to exhaust his state court remedies, he asks this Court to intervene. *Id.*

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." While the Court may dismiss a § 2254 petition for failure to exhaust state remedies, it cannot do so without a more thorough explanation as to what may have caused such an inordinate delay with the petition at hand. It requires a more developed record to determine whether the Petition is exempt from the exhaustion requirement. Accordingly, the Court issues the following Order.

## ORDER

Pursuant to 28 U.S.C. §§ 2243 and 2254, the Court's preliminary review indicates that the Petition could have merit and orders Respondent to show cause, if any it may have, within twenty-one (21) days after service of this Order, why said Writ should not be granted.

After Respondent files its response, Petitioner is ordered to file any traverse or reply to the response within twenty-one (21) days after service of said response on him. The Court admonishes Petitioner that a failure to reply to the response under 28 U.S.C. § 2248 will cause the Court to take the allegations in the response to the Writ of Habeas Corpus as true except to the extent that the Court finds from the evidence that they are not true.

IT IS FURTHER ORDERED that Petitioner shall serve upon Respondent or, if appearance has been entered by counsel, upon its attorney, a copy of every further pleading or other document

submitted for consideration by the Court. Petitioner shall include with the original paper to be filed with the Clerk of the Court, a certificate stating the date that a true and correct copy of any document was mailed to Respondent or its counsel. Any paper received by the Court which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

IT IS FURTHER ORDERED that Petitioner immediately notify the Court of any change in his mailing address. Failure to notify the Court of any change in mailing address may result in dismissal of this lawsuit, with prejudice.

Entered on April 6, 2020. /s/ Michael M. Mihm
Michael M. Mihm
United States District Judge